Anthony DODGE, Peter A. Machado, Joseph Petriello, Joseph Petriello, individually and on behalf of all others similarly situated, Samuel Rango, Individually and on behalf of all others similarly situated, Jarrod H. Mann, Individually and on behalf of all others similarly situated and Rocco Manniello, Individually and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

COUNTY OF ORANGE and Frank H. Bigger, Sheriff, Sheriff H. Bigger, in his individual and official capacity, Defendants–Appellants.

No. 03–7958.

United States Court of Appeals, Second Circuit.

July 14, 2004.

James E. Monroe, Dupee, Dupee & Monroe, Goshen, N.Y. (Robert N. Isseks, Middletown, NY, on the brief), for Plaintiffs–Appellees.

Robert S. Groban, Jr., Epstein, Becker & Green, New York, N.Y. for County of Orange, for Defendants–Appellants.

Present: KEARSE, KATZMANN, Circuit Judges, and KOELTL,* District Judge.

## AMENDED SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is **DISMISSED** and the case is **REMANDED**.

 Appellants the County of Orange and Sheriff H. Frank Bigger, in his official capacity, appeal a permanent injunction issued by the United States District Court for the Southern District of New York (McMahon, *J.*). The district court enjoined the appellants from strip searching felony and misdemeanor pretrial admittees to the Orange County Correctional Facility ("OCCF") without reasonable suspicion that the admittees were concealing weapons or other contraband. Following oral argument, the Court directed the parties to submit supplemental letter briefs addressing the appellees' standing to seek injunctive relief in light of *Shain v. Ellison*, 356 F.3d 211 (2d Cir.2004) ("*Shain II*"). While standing was not an issue raised on appeal, because standing is a jurisdictional prerequisite this Court has an independent obligation to assure that there is standing. Both parties contend in the supplemental briefs that the appellees do have standing. However, having considered the arguments of the parties, we dismiss the appeal and remand to the district court to determine whether the appel-

lees have standing to seek injunctive relief under *Shain II*.

 The parties indicate in their supplemental briefs that the district court relied on *Deshawn E. v. Safir*, 156 F.3d 340 (2d Cir.1998), to find that the appellees had standing to seek injunctive relief because they were challenging the appellants' official and uniform policy of strip searching all pretrial admittees to the OCCF. *See Dodge v. County of Orange*, 208 F.R.D. 79, 85 (S.D.N.Y.2002). Following the district court's ruling on standing, this Court decided *Shain II*, which addressed an individual plaintiff's standing to seek injunctive relief against strip searches of misdemeanor pretrial detainees at a county correctional facility. In *Shain II*, the Court concluded that *Deshawn E.* does not stand for the proposition that "the existence of an official policy, on its own, is sufficient to confer standing to sue on any individual who had previously been subjected to that policy." *Shain II*, 356 F.3d at 216. The Court held that "a plaintiff seeking injunctive relief must demonstrate *both* a likelihood of future harm *and* the existence of an official policy or its equivalent." *Id.* The district court's finding of an official policy is therefore insufficient, on its own, to support the appellees' standing to seek injunctive relief.

 The parties argue on various grounds that the standing requirements set forth in *Shain II* do not apply in this case. The appellants contend that standing should be found to exist because the dispute is one capable of repetition yet avoiding review. This argument confuses mootness and standing, because the exception to mootness for disputes capable of

---

* The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

repetition yet evading review does not apply equally to standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 191, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) ("Standing admits of no similar exception; if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum."). The parties also contend that this case differs materially from *Shain II* for the purposes of standing because this case is a class action. The argument is unavailing, because the named plaintiffs in this action must themselves have standing to seek injunctive relief. *See, e.g., Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n. 20, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) ("That a suit may be a class action ... adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (internal quotation marks omitted)). None of the other arguments presented by the parties to distinguish *Shain II* has any merit.

█ In the supplemental briefs, the parties also request that this Court make any findings necessary to establish the appellees' standing. For example, they contend that the named plaintiffs face a likelihood of future harm because they are recidivists who are likely to return to the OCCF. We conclude that any necessary findings should be made in the first instance by the district court. The district court should make its findings in light of this Court's decision in *Shain II* and the Supreme Court's decision in *O'Shea v. Littleton*, 414 U.S. 488, 494–98, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). *See, e.g., id.* at 496 ("Of course, past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury. But here the prospect of future injury rests on the likelihood that respondents will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before petitioners."); *id.* at 497 ("[W]e can only speculate whether respondents will be arrested, either again or for the first time, for violating a municipal ordinance or a state statute, particularly in the absence of any allegations that unconstitutional criminal statutes are being employed to deter constitutionally protected conduct."); *id.* ("attempting to anticipate whether and when these respondents will be charged with crime and will be made to appear before either petitioner takes us into the area of speculation and conjecture").

Because further findings are necessary to establish whether the appellees have standing to seek the challenged injunctive relief, we DISMISS the appeal and REMAND the case to the district court. In the event of a subsequent appeal, the matter will be assigned to this panel. The stay pending interlocutory appeal issued by this Court is dissolved.