James Anthony CARTER, Plaintiff,

v.

Dr. Steward Mitchel FAGIN, et al., Defendants.

No. 03 CIV.3024(CM)(MDF).

United States District Court, S.D. New York.

Dec. 9, 2004.

James Anthony Carter, Jr., Ossining, NY, pro se.

Gabriel Hertzberg, Office of the Atty General, New York City, for Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR AN INJUNCTION AND DENYING DEFENDANT PERILLI'S MOTION TO DISMISS

MCMAHON, District Judge.

Plaintiff is a prisoner at Sing Sing Correctional Facility. He has brought this action seeking an injunction to compel the medical staff at Sing Sing to treat his jaw condition, which allegedly causes him extreme myofacial pain, by permitting him to have warm water compresses—the only remedy that allegedly eases his pain. Defendants are Drs. Fagin, Wright and Perilli, together with Superintendent Brian Fischer, Commissioner Glen Goord and Marjorie Burns.

Defendants moved to dismiss the instant complaint. Plaintiff cross-moved for a

preliminary injunction. The motions were referred to The Hon. Mark D. Fox, U.S.M.J., for Report and Recommendation.

Judge Fox issued his report on February 9, 2004. He recommended that plaintiff's claims against Dr. Fagin, and his claims against Dr. Perilli for incidents that occurred prior to January 20, 2003, be dismissed on the ground of collateral estoppel, because these same claims had been raised and litigated in an action plaintiff brought in the New York Court of Claims. I concur with the learned Magistrate Judge's recommendation in this regard, and adopt the Report's discussion of this issue as the opinion of the Court.

Judge Fox also recommended that the motion to dismiss be granted insofar as plaintiff sought relief on a theory of deliberate indifference to his medical needs (Eighth Amendment) against Defendants Goord, Fischer, Wright and Byrnes, because there was no allegation that they had any personal involvement in the alleged deprivations or mistreatment. I dismissed the complaint as to those defendants in an order entered on July 30, 2004 (*"Carter I"*).

### The Motion to Dismiss the Remaining Claims Against Dr. Perilli is Denied

This leaves only Dr. Perilli as a defendant, on a deliberate indifference claim stemming from the doctor's continuing refusal to provide plaintiff with access to warm compresses.

■ Judge Fox recommended denying the motion to dismiss this claim pursuant to Fed.R.Civ.P. 12(b)(6). I find no flaw in his reasoning and I adopt it. The complaint clearly states a claim, so pre-answer dismissal is not appropriate, assuming plaintiff's allegations to be true. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Plaintiff has alleged

sufficient facts to satisfy both the "objective" and the "subjective" components of a deliberate indifference to serious medical needs claim under 42 U.S.C. § 1983. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir.1996). He satisfies the objective, or "sufficiently serious," prong of the test by alleging that he is suffering great pain and is being denied treatment that has been recommended and has proven effective in alleviating that pain. He satisfies the subjective prong—that defendant acted with a sufficiently culpable state of mind—by alleging that no other treatment has proven effective in alleviating his suffering and that Perilli knew compresses were effective yet discontinued them. This is not, therefore, a case where reasonable doctors disagree over a course of treatment. Dr. Perilli has not examined plaintiff since 2001, and all of the doctors who have examined him—regardless of their diagnosis of his condition—have recommended a treatment that Dr. Perilli refuses to give.

■ Judge Fox also recommended denial of Dr. Perilli's motion for dismissal on the ground of qualified immunity because a reasonable jury could find that Dr. Perilli had violated an extremely well-settled constitutional right: the right to be free from the cruel and unusual punishment inherent in the withholding of needed treatment for a documented medical condition. That misanalyzes the issue. The question to be answered is whether no reasonable physician in Dr. Perilli's position would have understood that he was violating plaintiff's constitutional rights by withholding treatment. *Stephenson v. Doe*, 332 F.3d 68, 78–79 (2d Cir.2003). However, I adopt Judge Fox's recommendation that this aspect of Perilli's motion be denied. in this regard as well. Viewing plaintiff's allegations as true (as I must on a motion to dismiss on qualified immunity

grounds)—and ignoring completely Dr. Perilli's competing testimony, which is irrelevant on such a motion, see *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Stephenson v. Doe, supra*—defendant Perilli is not entitled to qualified immunity as a matter of law.

█ Plaintiff, like all prisoners, enjoys a constitutional right, secured by the Eighth Amendment, to be free from cruel and unusual punishment. Deliberate indifference to medical need has been defined as cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Chance v. Armstrong,* 143 F.3d 698, 702 (2d Cir.1998). In this Circuit, "The Eighth Amendment forbids not only deprivations of medical care that produce physical torture and lingering death, but also less serious denial which cause or perpetuate pain." *Brock v. Wright,* 315 F.3d 158, 163 (2d Cir.2003).

█ The complaint alleges plaintiff suffered from unremitting jaw pain; that a number of doctors prescribed or recommended warm compress treatment to alleviate the condition; that warm compresses offered the only relief from plaintiff's pain; but that Dr. Perilli refused to offer plaintiff any treatment—even the relatively benign and conservative treatment he sought.[1] Plaintiff alleges (and the evidence adduced in connection with the motion for a preliminary injunction supports the allegation) that the physicians and dentists who examined him concluded that he had some disorder and that they recommended that he be given warm compresses to alleviate his pain. *See* Cmplt. at ¶¶ O, P, Exh. K. Plaintiff alleges that Dr. Perilli is deliberately ignoring these findings and recommendations.

I recognize that Dr. Perilli does not believe that plaintiff has any documented medical condition. He has submitted multiple affidavits in that regard. However, in considering his motion for dismissal on qualified immunity grounds, his view of the situation is irrelevant. On this motion I must assume that Dr. Perilli denied plaintiff treatment for excruciating pain that had been recommended by physicians who actually examined him and the result was that the plaintiff continued to suffer excruciating pain. I am hard pressed to imagine that there exists a reasonable physician who would not have known that it would violate plaintiff's well settled Eighth Amendment rights to leave him without any treatment, in excruciating pain, in the face of medical recommendations for a therapy that would alleviate the pain. Of course, different physicians can have different opinions about how to treat a condition, but here the contention is that Dr. Perilli—who last examined plaintiff in 1991—will not allow plaintiff to have any treatment at all, even though plaintiff is in pain and the doctors who actually have examined him think that something

---

1. The complaint makes these allegations, and the motion before me is a motion to dismiss. Defendant's effort to defeat the motion by submitting affidavits is inappropriate. On a motion to dismiss on qualified immunity grounds, the court is to view the facts most favorably to plaintiff. *Saucier v. Katz, supra,* 533 U.S. at 201, 121 S.Ct. 2151. Under my rules of practice, a defendant moving to dismiss on qualified immunity grounds is not permitted to introduce evidence outside of the complaint and the plaintiff's deposition. *See* "Individual Practices of Judge McMahon," § 3C. Interestingly, defendant admits, in its own objections to the R & R, that testimony from witnesses like Dr. Moore is not appropriately considered on a qualified immunity motion to dismiss. *See* Defendants' Objections at 17, n. 10. Therefore—hard as it is not to consider this evidence, which was submitted in connection with plaintiff's motion for a preliminary injunction—I have done my best to put it to one side.

(though not necessarily TMJ) is wrong with him.

The State's contention that Dr. Perilli is entitled to qualified immunity because he was merely following prison policy in denying plaintiff a medical pass begs the question. The prison policy allows inmates with "documented health problems" to receive medical passes for a maximum period of six (6) months at a time. *See* Affidavit of Dr. John Perilli, Exh. D, Policy & Procedure Item 216 ("P & P 216"). The complaint alleges that plaintiff did suffer from a documented health problem. It contends that various doctors concluded that plaintiff suffered from TMJ. The record developed on the motion for a preliminary injunction (which the learned Magistrate Judge also considered in connection with the qualified immunity motion) shows that Drs. Moscatello and Wu of St. Agnes Hospital (whose opinion can be found in their notes), and Dr. Baskshi of the Sing Sing Medical Unit so believed. Other doctors, notably Dr. Moore, did not believe that plaintiff had TMJ, but did believe that plaintiff had a different condition—myofacial pain—and recommended treatment to include warm compresses in order to reduce muscle tension that might be causing the pain. (Moore Dec. ¶ 5.) If the plaintiff did have a documented medical condition (whether TMJ or some other condition), then Perilli actually violated P & P 216, the prison policy he was allegedly following, when he refused to issue plaintiff a medical pass. Perilli will have ample opportunity to establish that plaintiff did not have any documented medical condition (either TMJ or something else). And if plaintiff did not have such a condition, then Perilli will prevail—not on qualified immunity grounds, but because Carter's rights were not violated in the first place. *Stephenson v. Doe, supra.*

## Plaintiff's Motion for a Preliminary Injunction is Denied

Closely related to this issue is plaintiff's motion for a preliminary injunction to compel him to receive the treatment of warm compresses for his myofacial pain. Judge Fox recommended that an injunction issue. He also recommended that counsel be appointed to represent plaintiff. I appointed Amy Harman Burkhart, Esq. of the law firm of Davis, Polk and Wardwell to serve in that capacity, and asked that the record be updated so that I could evaluate the state of plaintiff's medical condition and care now, rather than as it was in 2003, before considering the issue of a prospective mandatory injunction. I also asked the parties to brief how the Prison Litigation Reform Act impacted their respective positions—an issue that was apparently not addressed before Judge Fox, since he makes no mention of it.

After considering the further submissions of counsel, which came in September and November 2004, I decline to accept the Magistrate Judge's recommendation that a preliminary injunction issue and deny plaintiff's motion.

■ In this Circuit, a preliminary injunction will be granted if the moving party shows that he will suffer irreparable harm absent injunctive relief and *either* (1) that he is likely to succeed on the merits of his claim; or (2) that there are sufficiently serious questions going to the merits to make them fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party. *Wright v. Giuliani,* 230 F.3d 543, 547 (2d Cir.2000); *Fun–Damental Too, Ltd. v. Gemmy Industries Corp.,* 111 F.3d 993, 998–99 (2d Cir.1997).

■ However, when the moving party seeks a mandatory injunction—that is, an injunction compelling someone to take an

action—the standard is higher. The movant must make a "clear showing" that he is entitled to the relief requested. *Phillip v. Fairfield University,* 118 F.3d 131, 133 (2d Cir.1997); *Abdul Wali v. Coughlin,* (754 F.2d 1015, 1022–25).

And when the plaintiff is a prisoner, the calculus becomes even more complicated. In passing the Prison Litigation Reform Act, 18 U.S.C. § 3626, et seq., Congress restricted the ability of a federal district court to issue an injunction against prison official with respect to prison conditions:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the lease intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2). While the PLRA does not change the standards for the issuance of a preliminary injunction, it defines (in a restrictive manner) the scope of relief that may be awarded. *Dodge v. County of Orange,* 282 F.Supp.2d 41, 86, 89 (S.D.N.Y.2003), *vacated on other grounds,* 103 Fed.Appx. 688, 2004 WL 1567870 (2d Cir.2004).

■ Because the facts concerning plaintiff's condition and the appropriateness of treatment are hotly contested, I cannot say that plaintiff has shown the "clear right to relief" required for the issuance of a mandatory injunction that would, in essence, give plaintiff all the equitable relief he seeks. Here, I can (and must) go beyond plaintiff's version of the facts and look to the entire record. Plaintiff alleges that certain physicians "prescribed" treatment for him, yet at least two dentists who have examined him—Dr. Stukes and Dr. Moore—have recently submitted affidavits stating that their recommendations do not rise to the level of medical necessity. Other doctors—Moscatello and Wu and Halko—seem to feel differently. Dr. Perilli indicates a belief, based on the totality of plaintiff's medical record, that plaintiff does not have a medical condition that requires the form of treatment (warm compresses) that plaintiff desires. The learned Magistrate Judge's recommendation was clearly influenced by Dr. Perilli's checkered (to say the least) history before other courts, in cases where he has been found to have neglected prisoner treatment. However, the medical evidence in the record, while suggesting that plaintiff may have a condition of some sort that could benefit from the application of warm compresses, does not add up to a showing by plaintiff of a "clear right to relief" on a theory of constitutional tort.

Furthermore, I cannot find, on the record before me, that the balance of hardship tips "decidedly" in favor of plaintiff, which the law requires before I can issue an injunction that, if defendant's submissions are credited, will require an alteration in routine prison procedures. I fully understand that to those of us who are outside the prison system, something as simple as changing the order in which hot water is distributed to prisoners—which I am told, in some recent filings, would be one simple way to meet plaintiff's alleged medical needs—seems inconsequential. But within prison walls, even relatively simple changes in procedure can have far-reaching security and other consequences. In the absence of a fully-developed record, plaintiff has not demonstrated that the balance of hardship tips decidedly in his favor. Additionally, the most recent submissions I have received suggest that by the simple expedient of using his own commissary monies to purchase a hot pot,

plaintiff can give himself some relief from his condition. If that is the case, then the balance of hardship would tip decidedly in favor of the defendant.[2]

What this case requires is a swift trial; by referring this case to the Magistrate Judge in the hope of expediting it, I inadvertently caused delay. Now that plaintiff has counsel, it should be relatively easy to take the modest amount of discovery needed to prepare the case for trial and get this matter tried during March or April of this year. The parties are directed to have all discovery on the remaining claim (for damages) for deliberate indifference to medical needs completed by March 11, 2005. This case will be conferenced on March 18, 2005, at 9:00 AM. The Court will put this matter on the trial calendar at the earliest opportunity thereafter.

This constitutes the decision and order of the Court.

2. In fairness to Magistrate Judge Fox, no one thought to brief PLRA issues to him, and some of the facts that have emerged in the supplemental record (including the papers filed in support of defendants' objections to his Report and Recommendation) were not in the record before him.