(12 P.3d 420)

No. 83,346

STATE OF KANSAS, *Appellee*, v. KEVIN THOMAS, *Appellant*.

Opinion filed October 13, 2000.

*Alice A. Craig*, of Jenab & Kuchar, of Olathe, for appellant.

*Charles R. Reimer*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., GERNON and MARQUARDT, JJ.

GERNON, J.: Kevin Thomas appeals his conviction of possession of cocaine. He raises probable cause issues surrounding the search which provided the basis of the charges against him.

Thomas was stopped for a traffic violation. Deputy Sheriff Cooper discovered there was an outstanding warrant out for Thomas

and arrested him. On the way to jail, Cooper noticed a strong odor of marijuana coming from Thomas.

Cooper advised the jail personnel of the odor and recommended a strip search. Thomas disrobed, and the officers conducting the search observed a portion of a baggie between his buttocks. The baggie contained cocaine, and Thomas was charged with possession of cocaine.

Thomas moved to suppress the cocaine and various statements he had made while in custody. The trial court concluded there was probable cause for the search and denied the motion.

The facts are not in dispute. "When the facts material to a motion to suppress evidence are not in dispute, the question of whether to suppress becomes a question of law, [citation omitted] upon which [the] scope of review is unlimited." *State v. Rexroat*, 266 Kan. 50, 53, 966 P.2d 666 (1998). Additionally, this issue involves interpretation of statutes, also subject to unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

K.S.A. 22-2521(a) provides: "No person detained or arrested solely for the violation of a statute, resolution or ordinance involving a traffic, regulatory or nonviolent misdemeanor offense shall be strip searched unless there is probable cause to believe that the individual is concealing a weapon or controlled substance." This is supplemented by K.S.A. 22-2524(b), which states:

"The provisions of this act relating to strip searches other than subsection (b) of K.S.A. 22-2521 [requiring strip searches be conducted by members of the same sex as the person being searched] shall not apply when a person accused of a crime is committed to a jail or other institution pursuant to a court order, nor when a person accused of a crime is, of necessity, confined with other prisoners in a jail while awaiting appearance before a magistrate."

The question here is whether the provisions of K.S.A. 22-2521(a) are negated by the existence of a bench warrant.

The State argues that the probable cause requirement of K.S.A. 22-2521(a) does not apply because Thomas "was not detained or arrested solely for the violation of a traffic offense." However, the restrictions of K.S.A. 22-2521(a) are not limited to those detained or arrested solely for traffic offenses, but also apply to those indi-

viduals detained or arrested for "regulatory or nonviolent misdemeanor offense[s]."

The record does not reveal the nature of the offense that was the basis for the bench warrant. There is nothing in the record to dispute Thomas' assertion that it was for a traffic offense. The burden to prove that Thomas was arrested for something other than a traffic offense or a regulatory or nonviolent offense is on the State. The State failed to meet this burden.

The State also attempts to argue that a bench warrant is an order of the court and, therefore, falls within an action contemplated in K.S.A. 22-2524. If we were to accept the State's argument and follow it to its logical end, then whenever a citizen is picked up on a bench warrant, for whatever the reason, that citizen would be subject to a strip search.

A more logical interpretation, in our view, of the reference in K.S.A. 22-2524 to commitment to "a jail or other institution pursuant to a court order" is to consider the "order" an order after a first appearance and after a court concludes it is necessary to keep an individual in custody pending trial.

The question becomes one of security and control of the institution, and those issues override some individual rights at that point.

In *Bell v. Wolfish*, 441 U.S. 520, 560, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979), the Supreme Court held that strip searches of pretrial detainees (including visual body cavity inspections) with less than probable cause were constitutional.

Kansas' statutory scheme regarding strip and body cavity searches of persons in custody (K.S.A. 22-2520 through K.S.A. 22-2524) was enacted in 1981, shortly after the *Bell* decision. Presumably, this statutory scheme was intended to conform with the constitutional interpretation of the *Bell* Court. The intent of K.S.A. 22-2524(b) appears to be to codify the scope of allowable strip searches to the extent allowed by *Bell*. That being the case, a reasonable interpretation of the phrase negating the restrictions of K.S.A. 22-2521 with regard to persons accused of a crime and committed to jail pursuant to a court order leads to the conclusion that

it means pretrial detainees like those in *Bell*, and not initial arrestees arrested on a warrant like Thomas.

This interpretation is further strengthened by the subsequent clause of K.S.A. 22-2524(b) "nor when a person accused of a crime is, of necessity, confined with other prisoners in a jail *while awaiting appearance before a magistrate.*" (Emphasis added.) This last clause makes a special exception to the requirements of K.S.A. 22-2521 for those persons awaiting appearance before a magistrate when the situation dictates that they must be confined with the general prisoner population. This specific reference to those awaiting appearance before a magistrate, and the absence of any such reference anywhere else in the statute, indicates that this is the only situation in which a person detained or arrested solely for a traffic, regulatory, or nonviolent misdemeanor offense can be strip-searched absent probable cause prior to appearing before a magistrate. Whether said detainee was arrested on a warrant is immaterial.

The State also argues that the provisions of K.S.A. 22-2524(b) render the limitations in K.S.A. 22-2521 inapplicable because Thomas presumably was to be confined with other prisoners in jail while awaiting appearance before the judge who issued the bench warrant. This argument fails. The provisions of K.S.A. 22-2524(b) apply only "when a person accused of a crime is, *of necessity*, confined with other prisoners in a jail." (Emphasis added). The burden of showing such necessity is on the State. The State has failed to show that Thomas was, by necessity, confined with the general prison population. See *Allen v. Board of Com'rs of County of Wyandotte*, 773 F. Supp. 1442, 1449-50 (D. Kan. 1991).

The State's argument that the applicable statute allows such a search under these circumstances is rejected.

We may, however, look for probable cause based on the odor of marijuana.

In *State v. MacDonald*, 253 Kan. 320, 324-25, 856 P.2d 116 (1993), the Kansas Supreme Court held that the mere odor of marijuana, standing alone, was sufficient to establish probable cause to conduct a warrantless search of an automobile. However, no Kansas court has addressed whether the mere odor of marijuana

is sufficient to establish probable cause to search a person. The *MacDonald* court noted: "A majority of courts have found that marijuana odor detected by an experienced law enforcement officer can provide sufficient probable cause to support a warrantless search." 253 Kan. at 325 (citing *U.S. v. Padron*, 657 F. Supp. 840 (D. Del 1987), *aff'd without op.* 857 F.2d 1466 (3d Cir.), *cert. denied* 488 U.S. 974 (1988). *Padron*, like *MacDonald*, involved an automobile search. The *Padron* court cited a series of federal circuit court opinions in which it was held that the odor of marijuana was sufficient to establish probable cause: *United States v. Lopez*, 777 F.2d 543 (10th Cir. 1985); *United States v. Haley*, 669 F.2d 201 (4th Cir.), *cert. denied* 457 U.S. 1117 (1982); *United States v. Rivera*, 595 F.2d 1095 (5th Cir. 1979); *United States v. Garcia-Rodriguez*, 558 F.2d 956 (9th Cir. 1977), *cert. denied* 434 U.S. 1050 (1978). However, like *Padron* and *MacDonald*, these, too, involved automobile searches.

We recognize that the search of an automobile is far less intrusive than a strip search of an individual.

Under the unique facts of this case, we must recognize, as did the Court in *Bell*, that a detention facility is "a unique place fraught with serious security dangers." 441 U.S. at 559.

The odor of marijuana on an individual about to enter a detention facility would give rise to concerns over the possible introduction of contraband into the facility, implicating the legitimate security interests of the institution, as recognized in *Bell*. 441 U.S. at 559-60 n. 40. Under *MacDonald*, there is already existing Kansas precedent for the conclusion that the odor of marijuana can form the basis for probable cause. 253 Kan. at 324-25. Therefore, it can be reasonably concluded that the odor of marijuana on a person in custody, coupled with the detention facility's recognized security interest in preventing the introduction of such contraband within its walls, is sufficient to establish probable cause to strip search the person in question.

We find no reversible error and affirm.