**Jodi Ann GUSTAFSON, Plaintiff,**

v.

**POLK COUNTY, WISCONSIN and Ann Hraychuck, Defendants.**

No. 04–C–268–C.

United States District Court, W.D. Wisconsin.

March 30, 2005.

Vincent J. Moccio, Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, MN, for Plaintiff.

Charles H. Bohl, Nathan A. Fishbach, Andrew A. Jones, Whyte Hirschboeck Dudek S.C., Milwaukee, WI, for defendants

## OPINION AND ORDER

CRABB, Chief Judge.

In this civil action brought under 42 U.S.C. § 1983, plaintiff Jodi Gustafson seeks to certify a class of arrestees who were allegedly strip searched in the jail operated by defendants Polk County and Sheriff Ann Hraychuck in violation of the Fourth and Fourteenth amendments to the Constitution. This case presents the question whether it would be appropriate to certify a class under Fed.R.Civ.P. 23(a) and (b) consisting of *all* persons subject to a strip search at the Polk County jail who had been arrested for misdemeanor or ordinance violations even when some of the arrestees were strip searched in anticipation of being transferred to the jail's general population. I hold that it would not be appropriate because, in general, it is constitutional to strip search arrestees destined to join a jail's general population. Jurisdiction is present. 28 U.S.C. § 1331.

Plaintiff has moved for class certification of individuals who were strip searched by Polk County jail staff after being arrested for misdemeanors or ordinance offenses unrelated to weapons or illegal drugs. Because plaintiff fails to meet the numerosity, commonality, typicality, predominance of a common question of law or fact and ascertainability requirements for class certification, I will deny her motion for class certification. In addition to the motion for class certification, plaintiff moves to amend her complaint to add Leonard Gallagher as a named plaintiff and potential class representative pursuant to Fed.R.Civ.P. 15(a) and 21. I will deny plaintiff's motion to amend her complaint as unnecessary.

For the sole purpose of deciding these motions, I find that plaintiff's complaint fairly alleges the following facts.

### ALLEGATIONS OF FACT

On October 20, 2002, then 27–year–old plaintiff Jodi Gustafson was arrested on warrants for failure to pay a fine for fishing without a license and for shoplifting. The Polk County Deputy Sheriff who arrested plaintiff did not allege that plaintiff was engaged in an illegal activity at the time of her arrest. The deputy sheriff handcuffed and "frisked" plaintiff and brought her to the "old" Polk County jail.

At the jail, a female deputy sheriff strip searched plaintiff in the presence of two male deputies. While the deputies watched, plaintiff was forced to disrobe, lift her breasts, turn around and bend over, and, while bent over, made to grab her buttocks with her hands and "spread" her "butt cheeks." The strip search was conducted without probable cause, reasonable belief or reasonable suspicion that plaintiff was in possession of or concealing contraband or weaponry, pursuant to the Polk County Sheriff's department's policy of strip searching arrestees regardless of the nature of their offense and regardless whether there is reason to believe that the

arrestee is concealing contraband or weapons.

## OPINION

### A. Motion for Class Certification

■ Before a court may certify a class, the plaintiff must satisfy the requirements of both Rule 23(a) and (b). *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir.1992). Rule 23(a) sets forth four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequate representation. *In re Copper Antitrust Litigation,* 196 F.R.D. 348, 353 (W.D.Wis.2000). These requirements are intended to limit class claims "to those fairly encompassed by the named plaintiff's claims." *General Telephone Co. of Northwest v. EEOC,* 446 U.S. 318, 330, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Rule 23(b) lists three types of class actions that may be maintained; plaintiff must demonstrate that her proposed class qualifies for at least one of these.

### 1. Numerosity

■ Fed.R.Civ.P. 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Plaintiff proposes the following class definition:

> All United States citizens arrested for misdemeanors or ordinance offenses unrelated to weapons or illegal drugs who were required by officers at the Polk County Jail to remove their clothing and remove or lower their underwear for visual inspection of their genitals, pubic area, buttocks, or breasts between April 28, 1998 and December 1, 2004.

Plaintiff admits that she adopted this definition from *Blihovde v. St. Croix County,* 219 F.R.D. 607, 623 (W.D.Wis.2003) (granting class certification in part). Plt.'s Br., dkt. # 68, at 31. She argues that there were approximately 10,600 bookings at the Polk County jail between April 1, 1998 and the present, "vast numbers" of which included illegal strip searches. Defendants argue that plaintiff's reliance on the number of bookings amounts to mere speculation of the class size. They cite *Marcial v. Coronet Insurance Co.,*
880 F.2d 954, 957 (7th Cir.1989), for the proposition that plaintiffs "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." Defendants point out that plaintiff does not say whether this number includes individuals who were 1) booked multiple times; 2) charged with felony offenses; 3) charged with weapons or drug offenses; 4) booked into the jail to serve a sentence as a result of a conviction; 5) on probation hold or revocation; 6) incarcerated under unique circumstances that would have provided a legally sufficient basis for a strip search; or 7) transferred into the general population of the jail at the conclusion of their booking. According to defendants, if the 10,600 bookings to which plaintiff refers includes these types of individuals, then the number of individuals in plaintiff's proposed class is much less than 10,600.

■ Defendants' argument is persuasive. In this circuit, "the law is well settled that strip searches may be performed on persons taken into custody on a misdemeanor or traffic violation only if the person is going to be housed in the general jail population and not simply detained for release upon completion of the booking process, or if officials have a reasonable suspicion that the arrested person is concealing weapons or contraband." *Liston v. Steffes,* 300 F.Supp.2d 742, 756–57 (W.D.Wis.2002); *see also Stanley v. Henson,* 337 F.3d 961, 966 (7th Cir.2003) (observing that clothing exchange policy employed by jail is rational approach to achieving objective of preventing smuggling of weapons or other contraband into or out of general jail population). Defendants point out, and plaintiff does not dispute, that three months after plaintiff placed advertisements in three Polk County newspapers seeking "witnesses" to strip searches in the Polk County jail, plaintiff has identified only 12 other individuals who have testified that they were strip searched in the Polk County jail during the relevant time period. Dfts.' Br., dkt. # 81, at 21. Of those 12 witnesses, 10 changed from their street clothes to a jail uniform in anticipation of being transferred into the general population

of the jail. *Id.* at 33. Of those 10 witnesses, nine were intoxicated at the time of arrest. *Id.* "Intoxication could be the result of drugs other than alcohol; together with other information it can support a strip search." *Liston,* 300 F.Supp.2d at 758 (citing *Kraushaar v. Flanigan,* 45 F.3d 1040, 1046 (7th Cir. 1995)). In addition, eight of the witnesses have testified that they were not strip searched at the Polk County jail during other bookings that occurred during the relevant time period. Dfts.' Br., dkt. # 81, at 2–23. This evidence confirms the reasonableness of defendants' concern that a substantial fraction of the 10,600 bookings either did not involve a strip search at all or involved a strip search that was legal. In addition, it provides support for defendants' contention that the 10,600 figure includes multiple bookings of the same individuals.

Plaintiff admits that she could derive a more accurate number of class members from defendants' booking sheets, but that she has not engaged in such a time consuming and expensive analysis at this point in the litigation. Plt.'s Br., dkt. # 94, at 16. Plaintiff filed her complaint on May 3, 2004 and her motion for class certification on December 13, 2004. She has had more than seven months to gather more specific evidence about the number of potential class members. Instead of arriving at a good faith estimate of the number of class members, plaintiff relied simply on the total number of bookings during the relevant time period. *Rozema v. The Marshfield Clinic,* 174 F.R.D. 425, 437 (W.D.Wis.1997) (abrogated on other grounds) (good faith estimate of size of proposed class required) (citing *Arenson v. Whitehall Convalescent & Nursing Home, Inc.,* 164 F.R.D. 659, 662–63 (N.D.Ill.1996)). Plaintiff asks the court to assume that a "vast number" of those bookings would fall into the proposed class definition but she does not provide enough evidence to enable the court to make a "common sense" estimate in good faith. *Id.* at 437 (although courts permitted to make common sense assumptions in support of finding numerosity, plaintiffs failed to cite evidence to tie their estimate to relevant product and geographic markets); *see also Siles v. ILGWU National Retirement Fund,* 783 F.2d 923, 930 (9th Cir.1986) (upholding district court's denial of class certification because plaintiff's only evidence of numerosity was that 31,000 employees covered by plan lost their jobs in 1974 and 1975). (I note that in *Blihovde,* 219 F.R.D. at 616, plaintiff relied on arrest records and *an investigation report* to arrive at an estimate of 3,000 members in the proposed class.) Accordingly, I find that plaintiff does not meet the numerosity requirement.

### 2. *Commonality and typicality*

 "The commonality and typicality requirements of Rule 23(a) tend to merge." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *see also Rosario,* 963 F.2d at 1018 ("The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."). The purpose of both requirements is to "ensure that only those plaintiffs or defendants who can advance the same factual and legal arguments may be grouped together as a class," *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 341 (7th Cir.1997), but, in considering the typicality requirement, a court asks specifically whether the class representatives have suffered the same kind of injury as other members of the class. 1 Newberg and Conte, *Newberg on Class Actions* § 2.07, at 2–48 (3d ed.1992). A named plaintiff's claim is typical if it rests on the same legal theory and arises from the same course of conduct alleged by the other members of the proposed class. *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596–97 (7th Cir.1993); *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983). This is so even though there are factual differences between her claim and the claims of other class members. *De La Fuente,* 713 F.2d at 225. "Typicality under Rule 23(a)(3) should be determined with reference to the [defendant's] actions, not with respect to particularized defenses [the defendant] might have against certain class members." *Wagner v. NutraSweet,* 95 F.3d 527, 534 (7th Cir.1996).

It is questionable whether in alleging that she was subject to an unconstitutional custom or policy regarding strip searches at the Polk

County jail, plaintiff has posed a question that is common or typical to the proposed class. Although she has alleged that defendants had an unconstitutional custom or policy to strip search arrestees regardless of the charges against them, defendants have raised the possibility that defendants strip searched 10 of the 12 witnesses because they were entering the jail's general population. When questions overlap with the merits of a case, "the judge must make a preliminary inquiry into the merits." *Blihovde*, 219 F.R.D. at 617 (citing *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir.2001)). In response to defendants' argument that most of the witnesses were not subject to unconstitutional strip searches, plaintiff lays out a convoluted argument about the confusion that existed at the jail about how and when to conduct strip searches. Plaintiff asserts that this confusion leads to the logical conclusion that defendants conducted widespread, indiscriminate strip searches at the jail. Plt.'s Br., dkt. # 94, at 12.

To the contrary, the inconsistent nature and frequency of strip searches at the Polk County jail support an inference that defendants did not have a policy to conduct strip searches regardless of the charges against the arrestee. In fact, plaintiff points to evidence suggesting that defendants failed to conduct strip searches even when they had legal authority to do so. For example, plaintiff cites deposition testimony of Polk County jail deputies who denied searching individuals brought in on drug or weapons charges, saying that they just "hoped they didn't have anything" and testimony of other deputies who denied the need to conduct strip searches where legally indicated despite the ongoing problem with contraband in the jail. Plt.'s Br., dkt. # 94, at 10. She asserts also that many of the jail's deputies were confused about how to handle an arrestee's change of clothes to a jail uniform. Plt.'s Br., dkt. # 94, at 4. As noted above, it is constitutional for jail staff to conduct strip searches on arrestees who will be transferred to the jail's general population.

Plaintiff attempts to argue that even if an arrestee is strip searched in anticipation of being transferred to the jail's general popula-tion, defendants have an obligation under *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) to balance the need for the particular search against the invasion of the arrestee's privacy. Plt.'s Br., dkt. # 94, at 20. According to her argument, for each class member the court would have to consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it and the place in which it was conducted. *Stanley*, 337 F.3d at 964. Such particularized inquiries do not satisfy the typicality requirement for certifying a class. It is one thing if the common question among all class members is whether they were subject to a strip search regardless of the charges against them, which is what I assumed plaintiff was proposing. It is an entirely different inquiry if she is proposing an examination of the extent of the intrusiveness of each class member's strip search or the manner in which the searches was conducted. Such inquiries would be necessitated by different courses of conduct by defendants.

I conclude from the questions defendants have raised about the existence or uniform enforcement of a custom or policy to conduct strip searches regardless of the charges against the arrestee and plaintiff's failure to show that the questions are baseless that plaintiff's claim is not common or typical of the proposed class. Because plaintiff fails to meet the numerosity, commonality or typicality requirements, it is unnecessary to consider whether she meets the prerequisite of adequate representation under Fed.R.Civ.P. 23(a).

### 3. *Predominance of a common question of law or fact*

Even if I assumed that plaintiff met all the requirements under Fed.R.Civ.P. 23(a), I could not find that common questions of law or fact predominate over plaintiff's proposed class definition. Fed.R.Civ.P. 23(b)(3) allows the maintenance of a class action if "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and "a class action is superior to other available methods for the fair and efficient adjudi-

cation of the controversy." The United States Supreme Court has summarized this provision as permitting class certification when "a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 615, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) (citing Fed.R.Civ.P. 23 Advisory Committee Notes).

Plaintiff argues that the common question for all class members is whether defendants' strip search policy is unconstitutional. However, defendants are liable only to those members who were subject to an unreasonable strip search. Plaintiff cites *Blihovde* for the proposition that variations in class members' amount of damages should not preclude class certification. In *Blihovde,* 219 F.R.D. at 622, I assumed that because the proposed class included only those arrested for misdemeanors or ordinance violations unrelated to weapons or illegal drugs, evidence that a particular search was justified was unlikely to exist with respect to many class members; I did not consider whether the proposed class members were transferred to the general population of the St. Croix County jail.

Sufficient evidence exists to show that defendants transferred a large number of the proposed class members to the Polk County jail general population. If I extrapolate from the evidence provided by defendant and undisputed by plaintiff that 10 of the 12 witnesses subject to a strip search were being transferred to the general population, I may assume that many of plaintiff's proposed class members were transferred to the general population. Certifying plaintiff's proposed class would not serve the interest of judicial economy because a common question would not apply to all class members. *Mejdrech v. Met–Coil Systems Corp.,* 319 F.3d 910, 911 (7th Cir.2003) ("[C]lass action treatment is appropriate and permitted by Rule 23 when the judicial economy from consolidation of separate claims outweighs any concern with possible inaccuracies from their being lumped together in a single proceeding for decision by a single judge or jury.")

Plaintiff fails to meet the predominance prong of Fed.R.Civ.P. 23(b).

### 4. *Ascertainability*

In addition to the express requirements of Rule 23, courts have recognized two implicit ones. First, the named class representatives must have standing, that is, they must be members of the class they propose to represent. *Rozema,* 174 F.R.D. at 432 (citing 7B Charles Alan Wright, et al., *Federal Practice & Procedure* § 1785.1, at 139 (2d ed.1986)). Second, the definition of the proposed class must be "precise, objective and presently ascertainable." *Simer v. Rios,* 661 F.2d 655, 669 (7th Cir. 1981) (" 'elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable' ") (quoting *De Bremaecker v. Short,* 433 F.2d 733, 734 ( 5th Cir.1970)); *Copper,* 196 F.R.D. at 353. Class definition is critical because it "identifies the persons (1) *entitled to relief,* (2) bound by the judgment, and (3) entitled to notice in a Rule 23(b)(3) action." *Manual for Complex Litigation* § 30.14 (3d ed.1999) (emphasis added). As written, plaintiff's proposed class definition includes individuals who would not be entitled to relief, such as those who were searched before their transfer to the jail's general population. Thus, I conclude that plaintiff has not satisfied the implied requirement of class ascertainability. Because plaintiff fails to meet the class certification requirements of numerosity, commonality, typicality, predominance of a common question of law or fact and ascertainability, I will deny her motion for class certification.

### B. *Motion to Amend Complaint*

Plaintiff has moved to amend her complaint to add Leonard Gallagher as a plaintiff and potential class representative under Fed.R.Civ.P. 15(a) and 21. Plaintiff makes the request in anticipation that I will find that she is not an adequate class representative. Plt.'s Br., dkt. # 94, at 25. Rule 15(a) states that "a party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served" and that otherwise amendments are permis-

sible "only by leave of court." In addition, the rule states that "leave shall be freely given when justice so requires." Because defendants have filed an answer to plaintiff's complaint, plaintiff must obtain leave of the court in order to amend her complaint. In light of the denial of plaintiff's motion for class certification, it is unnecessary for plaintiff to add Gallagher as a plaintiff and potential class representative. Therefore, I will deny plaintiff's motion to amend ·her complaint as unnecessary.

### ORDER

IT IS ORDERED that

1. Plaintiff Jodi Ann Gustafson's motion to certify a class is DENIED;

2. Plaintiff's motion to amend her complaint to add Leonard Gallagher as a plaintiff and potential class representative is DENIED as unnecessary.