Steven Opat Geary County Attorney 801 North Washington Street, Suite A Junction City, Kansas 66441-2590
Dear Mr. Opat:
You request our opinion on the legality of "strip-searches" of pre-trial detainees, in light of K.S.A. 22-2521 and 22-2524(b) and recent case law. You are concerned that case law does not support the statutory provisions allowing strip searches in specific situations. You provide citations to several cases[1] and ask whether case law or Kansas statutes allow strip searches to be conducted when persons are detained or arrested solely for violation of a statute, resolution or ordinance involving a traffic, regulatory or nonviolent misdemeanor offense if those persons are put into a general county jail population out of necessity while awaiting appearance before a judge or magistrate.
K.S.A. 22-2521 provides in pertinent part:
 "(a) No person detained or arrested solely for the violation of a statute, resolution or ordinance involving a traffic, regulatory or nonviolent misdemeanor offense shall be strip searched unless there is probable cause to believe that the individual is concealing a weapon or controlled substance.[2]
K.S.A. 22-2524 provides:
 "(a) None of the provisions of this act other than subsection (b) of K.S.A. 22-2521 and subsection (c) of K.S.A. 22-2522 shall apply when a person is convicted of a crime and committed to a jail or other institution.[3]
 "(b) The provisions of this act relating to strip searches other than subsection (b) of K.S.A. 22-2521 shall not apply when a person accused of a crime is committed to a jail or other institution pursuant to a court order, nor when a person accused of a crime is, of necessity, confined with other prisoners in a jail while awaiting appearance before a magistrate."
Thus, by the very terms of both of these statutes, K.S.A. 22-2524
supercedes the prohibitions set forth in K.S.A. 22-2521(a) and allows strip searches in limited circumstances, including when a person accused of a crime is committed to jail by court order or when "a person accused of a crime is, of necessity, confined with other prisoners in a jail while awaiting appearance before a magistrate."[4]
The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."[5] Thus, it is the Fourth Amendment that is cited when persons challenge a governmental search of private persons or their property.
Certain searches incident to an arrest but prior to conviction have been found reasonable by the United States Supreme Court, but these types of searches are less intrusive than a strip search.[6] Strip searches are considered a special type of search because "[t]here can be no doubt that a strip search is an invasion of personal rights of the first magnitude."[7] Thus, while courts have allowed strip searches to be conducted, many restrictions are placed upon this type of search and many cases have declared specific strip searches in violation ofFourth Amendment rights.[8] K.S.A. 22-2521 and 22-2522 appear to codify these constitutional principles and case law concerning strip searches.
Considerable case law and commentary exists from many jurisdictions and courts, discussing strip searches in the context of traffic stops or other less serious offenses.[9] Most, if not all, of this authority concludes that blanket policies providing for strip searches of all persons arrested for traffic or minor infractions violate theFourth Amendment.
However, there are some cases where courts have not completely rejected the use of strip searches on such persons when they are going to be housed in the general jail population (and not simply detained for release upon completion of the booking process), or if officials have a reasonable suspicion that the arrested person is concealing weapons or contraband.[10]
While cases from other jurisdictions and general discussions are helpful, we believe that cases from Kansas courts (including the Tenth Circuit) provide the most relevant guidance. We must also narrow the focus of this opinion to circumstances set forth in the exception stated in K.S.A. 22-2524(b): "[t]he provisions of this act relating to strip searches other than subsection (b) of K.S.A. 22-2521 shall not applywhen a person accused of a crime is committed to a jail or otherinstitution pursuant to a court order, nor when a person accused of acrime is, of necessity, confined with other prisoners in a jail whileawaiting appearance before a magistrate."[11]
In Hill v. Brogan,[12] the Tenth Circuit Court of Appeals prohibited blanket policies requiring strip searches of everyone who had been arrested for traffic offenses or minor misdemeanors. In this case, the Court stated that a jail's desire to maintain security, to avoid charges of discriminatory treatment and to promote administrative convenience alone do not justify routine strip searches in a public area of persons detained for minor traffic offenses.[13] In 1986, the Tenth Circuit again reviewed strip searches of detainees in Levoy v. Mills[14] and recognized that under Fourth Amendment principles, "the greater the intrusion, the greater must be the reason for conducting a search."[15] The Levoy Court stated that the government must demonstrate a legitimate need to conduct such a search that less intrusive measures would not satisfy.
In 1987 the Federal District Court for the District of Kansas found that the Finney County jail's policy of subjecting all pretrial detainees arrested for traffic offenses or minor misdemeanors to a strip search was unconstitutional.[16] In this case, Ms. Cruz had been stopped by a police officer for speeding in a school zone, but was released at the time of the stop. Later that evening, after a search of Cruz's driving record, the officer went to her home, handcuffed and arrested her. She was taken to a law enforcement center, booked, fingerprinted and strip searched. Cruz brought a Section 1983 action against the county, and the Court held that routinely subjecting pretrial detainees arrested for traffic offenses to strip searches was unconstitutional. In reaching its decision, the Court noted that the officer had no reasonable suspicion that Cruz was carrying or concealing contraband and that a strip search of the defendant resulting from a minor traffic violation was patently unreasonable. The Court stated that the security interest of jails was clearly outweighed by the invasion of privacy caused by these offensive procedures.
However, the Cruz court did not review or mention K.S.A. 22-2524(b), nor did it focus upon the necessity factor articulated in subsection (b) of that statute. Nevertheless, the Cruz decision creates a hard line with regard to a policy that allows strip searches of all prisoners simply because they will be put into a general jail population. Likewise, in Chapman v. Nichols,[17] the Tenth Circuit considered the constitutionality of a strip search policy that failed to incorporate reasonable suspicion standards and found the jail's policy unconstitutional.
Thus, it appears that the Tenth Circuit Court of Appeals, in reviewing the constitutionality of strip searches conducted on detainees or arrestees held at jails, requires that there be more than a blanket policy providing for such searches.[18]
In Allen v. Board of Comm'rs of County of Wyandotte,Kansas,[19] the Federal District Court for the District of Kansas reviewed the legality of strip searching an arrestee charged with a traffic offense prior to being placed into a county jail's general population and, based upon the facts in that case, concluded that this particular strip search was not legal.[20] This case specifically reviewed K.S.A. 22-2524 and thus we consider it particularly relevant.
This case arose after Kansas University police officers charged Ms. Allen with driving on a suspended license and expired tags, whereupon she was arrested and transported to the Wyandotte county jail. The plaintiff alleged that she had been illegally strip searched by the sheriff's department prior to her being jailed with the general population.
In reviewing the constitutionality of the strip search, the court stated:
 "Ordinarily, a person arrested for violation of a traffic offense is not to be strip searched `unless there is probable cause to believe that the individual is concealing a weapon or controlled substance.' K.S.A. 22-2521(a). Neither the arresting officers nor the guards at the jail possessed probable cause to believe that Allen was harboring any contraband or weapons. Subsection (b) of K.S.A. 22-2524 provides, however, that the foregoing provision shall not apply `when a person accused of a crime is, of necessity, confined with other prisoners in a jail while awaiting appearance before a magistrate.' K.S.A. 22-2524(b). Defendants note that `[Allen] was, in fact, confined with other prisoners.'"[21]
The Allen court states that automatic strip searches of any person accused of a traffic offense constitutes an unreasonable search in violation of Fourth and Fourteenth Amendment rights unless there is a showing of probable cause or a necessity to confine that person with other prisoners.[22] This court did not find K.S.A. 22-2524
unconstitutional. Rather, while it found that the Wyandotte County Sheriff's Department appeared to have administered Kansas statutory law in such a manner as to violate plaintiff's Fourth Amendment right against unreasonable searches, it specifically declined to hold K.S.A.22-2524 unconstitutionally overbroad. Thus, while the court's ruling limits when such searches may be conducted, we may presume that it is possible to lawfully conduct a strip-search in compliance with this statutory authority.
The Allen court appears to suggest that jailers using K.S.A.22-2524(b) as justification for conducting a strip search of traffic offense arrestees (without probable cause or reasonable suspicion) have proof that it is in fact absolutely necessary to house the prisoner with the general jail population.[23] Thus, a lawful strip search of a prisoner arrested for traffic infractions or other minor offenses may be found lawful by a reviewing court if there is a showing of necessity that the person be placed in a general jail population.[24]
The Kansas Court of Appeals appears to have reached a similar conclusion in State v. Thomas,[25] wherein the Court held that under the statutory scheme governing strip and body cavity searches of persons in custody, such searches are permitted without probable cause if the arrestee must, of necessity, be confined with the general prison population. However, the Court also held that the state bears the burden of proving the existence of such necessity.
Finally, on March 26, 2007 the United States Supreme Court denied certiorari on an Eighth Circuit Court of Appeals case wherein a former detainee at a juvenile detention center unsuccessfully challenged the center's policy of strip-searching all juveniles admitted to the facility regardless of the seriousness of the charged offenses or the existence of suspicion.[26] The court had noted that to determine whether a "special need" situation justifies a search without individualized suspicion, a court must undertake a fact-specific balancing of the intrusion against the promotion of a legitimate governmental interest.
Reading all of this authority together, the one determinative fact issue in the situation you present is whether there is an actual necessity to place such an arrestee or detainee in a general jail population. If there is such a necessity, pursuant to K.S.A. 22-2524(b) and the Allen and Thomas decisions, it may be lawful to do a properly conducted strip search in order to insure that no contraband will be introduced into that population.[27] However, the necessity for such placement of mere detainees or arrestees, as well as the scope of the particular intrusion and the place and manner of conducting the search, will be subject to strict scrutiny by any court asked to review the constitutionality of the search.
In summary, courts uniformly find constitutional fault with blanket policies providing for strip searches of all prisoners detained or arrested for violation of statutes, resolutions or ordinances involving only traffic, regulatory or nonviolent misdemeanor offenses. K.S.A.22-2521(a) codifies this case law. However, pursuant to K.S.A.22-2524(b), strip searches may be conducted absent reasonable suspicion or probable cause when a person accused of even this type of crime is, out of strict necessity, confined in a general jail population while awaiting appearance before a magistrate judge. This provision has not been struck down as unconstitutional. However, because courts often impose a strict burden of proof when such searches are conducted, we caution against adoption of any blanket policy providing for such searches in all cases and urge every jailer to adopt policies that insure adequate justification is present in each specific situation.
Sincerely,
 Paul J. Morrison Attorney General
 Theresa Marcel Bush Assistant Attorney General
PM:JLM:TMB:jm
[1] Cruz v. Finney County, 656 F.Supp. 1001, 1006 (1987); Allen v. County of Wyandotte, Kansas, 773 F.Supp. 1442, 1449 (1991), and Augustonelli v. Springer, 2004 WL 825300 (D. Kan. 2004). We note that the Augustonelli case is not reported and involved a strip search conducted on-site, not after the plaintiff was arrested or prior to being put into the jail population. Thus we do not consider its holding or factual scenario particularly relevant or helpful to this discussion.
[2] Emphasis added.
[3] K.S.A. 22-2522 applies to body cavity searches.
[4] We note that both of these statutes were enacted in 1981 and have never been subsequently amended.
[5] U.S. Const., Amend. IV.
[6] United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467,38 L.Ed.2d 427 (1973); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826,16 L.Ed.2d 908 (1967); Giles v. Ackerman, 746 F.2d 614, 616 (9th Cir. 1984), cert. denied, 471 U.S. 1053, 105 S.Ct. 2114, 85 L.Ed.2d 479 (1985).
[7] Chapman v. Nichols, 989 F.2d 393, 395 (10th Cir. 1993).
[8] See, e.g., Bell v. Wolfish, 441 U.S. 520, 558-59, 99 S.Ct. 1861,1884, 60 L.Ed.2d 447 (1979); see also Hill v. Bogans, 735 F.2d 391, 394
(10th Cir. 1984) (strip search held unconstitutional where plaintiff arrested on traffic charge and there was no reasonable suspicion of drugs or weapons).
[9] See Calvin v. Sheriff of Will County, 405 F. Supp.2d 933 (N.D. Ill 2005); Watchler v. County of Herkimer, 35 F.3d 77 (CA2 NY 1994); Ernst v. Ft. Lee 739 F.Supp. 220 (DC NJ 1990); State v. Augustine,724 So. 2d 580 (Fla.Dist.Ct.App. 2d Dist. 1998), reh'g denied, (Dec. 15, 1998); Salinas v. Breier, 695 F.2d 1073
(7th Cir. 1982) cert. den.464 U.S. 835, 104 S Ct. 119, 78 L.Ed.2d 118 (1983); Marriott v. County of Montgomery, 426 F.Supp.2d 1 (N.D. N.Y. 2006); Dodge v. County of Orange,282 F.Supp.2d 41 (S.D. N.Y. 2003), appeal dismissed, cause remanded,99 Fed. Appx. 347 (2d Cir. 2004), opinion amended and superseded,103 Fed. Appx. 688 (2d Cir. 2004) (which concluded that the policy of strip searching every arrestee admitted to county jail upon arrival violated the Fourth Amendment); Liston v. Steffes, 300 F.Supp.2d 742 (W.D. Wis. 2002); Tardiff v. Knox County, 397 F.Supp.2d 115 (D. Me. 2005); Ward v. County of San Diego, 791 F.2d 1329 (9th Cir. 1986); Jones v. Edwards,770 F.2d 739 (8th Cir. 1985); Mary Beth G. v. City of Chicago, 723 F.2d 1263
(7th Cir. 1983); Dufrin v. Spreen, 712 F.2d 1084 (6th Cir. 1983); Logan v. Shealy, 660 F.2d 1007 (4th Cir. 1981); ReMine, William H., "Civil Suits for Civil Rights: a Primer on § 1983" 26-NOV Colo. Law. 5, (1997); and MacGregor Deborah L. "Stripped of All Reason? The Appropriate Standard for Evaluating Strip Searches of Arrestees and Pretrial Detainees in Correctional Facilities," 36 Colum. J.L. Soc. Probs. 163 (2003).
[10] See Gustafson v. Polk County, Wis, 226 F.R.D. 601 (W.D. Wis. 2005); Liston v. Steffes, 300 F.Supp.2d 742 (Wis. 2002); Thomsen v. Ross, 368 F.Supp.2d 961 (D. Minn. 2005); Wood v. Hancock County,245 F.Supp.2d 231 (D. Me. 2003); and Skurstenis v. Jones, 81 F.Supp.2d 1228
(N.D. Ala. 1999).
[11] Emphasis added.
[12] Hill v. Bogans, 735 F.2d 391 (10th Cir. 1984)
[13] Id. at 394. In this case, the Tenth Circuit held that the sole factor of intermingling with general jail population does not constitute an adequate reason for subjecting those arrested on minor traffic violations to a strip search.
[14] 788 F.2d 1437, 1439 (10th Cir. 1986).
[15] Id. at 1439, quoting Blackburn v. Snow, 771 F.2d 556, 565 (1st Cir. 1985).
[16] Cruz v. Finney County, 656 F.Supp. 1001 (D.Kan., 1987).
[17] 989 F.2d 393 (10th Cir. 1993).
[18] See also Masters v. Crouch, 872 F.2d 1248, 1253 (6th Cir. 1989); Watt v. City of Richardson Police Dept., 849 F.2d 195, 199 (5th Cir. 1988); Weber v. Dell, 804 F.2d 796, 801 (2nd Cir. 1986); and Foote v. Speigel, 995 Supp. 1347 (D. Utah 1998).
[19] Allen v. Board of Comm'rs of County of Wyandotte 773 F.Supp. 1442
(D. Kan. 1991).
[20] The 1991 Allen court cites to the 1987 Cruz case several times, noting "[t]he case does not involve a generally applicable policy of strip searching all arrestees who are placed in a holding cell with other detainees. Accordingly, the court does not address under what circumstances the latter type of search might be justified. Cf. Cruz v. Finney County, Ks., 656 F.Supp. 1001 (D.Kan. 1987) (finding that routine jail policy of strip searching all arrestees on traffic and misdemeanor cases was unconstitutional" and "[t]he test of reasonableness under theFourth Amendment `requires a balancing of the need for the particular search against the invasion of personal rights that the search entails").
[21] Allen, 773 F.Supp. 1442, 1447-48 (emphasis and footnotes omitted).
[22] See also State v. Thomas, 28 Kan.App.2d 70 (2000) (the odor of marijuana on a person in custody is sufficient to establish probable cause to conduct strip search); and McCormick v. City of Lawrence,278 Kan. 797 (2005) (alleged violations of 22-2521 and 22-2522 subject to a three-year statute of limitations under K.S.A. 60-512).
[23] 773 F.Supp. at 1450. In that instant case, the court concluded that the defendants had failed to show that "by necessity" Allen was confined with other prisoners while she waited to appear before a magistrate.
[24] The county maintained that any strip search was justified merely because Allen was "confined with other prisoners." However, the county failed to present any evidence that the jailor or officers reasonably suspected plaintiff was hiding drugs, contraband or a weapon on her person. Accordingly, the court concluded that the alleged strip search of Allen was unreasonable within the meaning of the Fourth Amendment because the officer did not possess reasonable suspicion and defendants also failed to show that "by necessity" Allen was confined with other prisoners while she waited to appear before a magistrate. In other words, there is no indication that the Wyandotte County jail did not have the physical capacity and capability to separate "routine traffic offenders" such as plaintiff from the general jail population.
[25] 28 Kan.App.2d 70 (2000).
[26] Smook v. Minnehaha County, 457 F.3d 806 (8th Cir. 2005),cert. den. 06-1034 (March 26, 2007).
[27] When evaluating the legality of a strip search under constitutional standards, courts have consistently recognized a distinction between detainees awaiting bail and those entering the jail population as prisoners. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1448
(9th Cir. 1991); and Logan v. Shealy, 660 F.2d 1007, 1013 (4th Cir. 1981).