NOT DESIGNATED FOR PUBLICATION

114,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTHONY WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 9, 2016. Reversed and remanded with directions.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., STANDRIDGE, J., and HEBERT, S.J.

*Per Curiam*: Anthony Williams appeals from his conviction of possession of marijuana. Prior to his trial, Williams filed a motion to suppress the marijuana, alleging that the warrantless search of his person violated his constitutional rights. The district court denied his motion. Williams agreed to a bench trial on stipulated facts but explicitly reserved the right to appeal the ruling on his motion.

We find the district court erred in ruling that exigent circumstances justified the warrantless search of Williams' person. The marijuana discovered in the search and all

1

evidence discovered as a result of Williams' subsequent arrest and detention is inadmissible. We reverse Williams' conviction and remand the case for a new trial.

*Factual and Procedural Background*

The factual background leading to Williams' arrest and conviction was developed during the hearing on his motion to suppress.

Wichita Police Officer Wesley Jensen testified that he and his long-time partner, Officer Adam Vandermolen, stopped a vehicle at Harry and Hillside streets in Wichita after they observed that the driver was not wearing a seatbelt. Officer Jensen approached the vehicle. The driver identified himself as being Anthony Williams, although he did not produce a driver's license. Officer Jensen further testified that he noticed a strong odor of raw marijuana coming from the vehicle. Officer Jensen had Williams exit the vehicle and performed a pat down for weapons and/or contraband. Although the pat down disclosed nothing, Officer Jensen handcuffed Williams because he appeared nervous, was making a twitching motion with one arm, and Officer Jensen wanted to avoid a potential fight or chase. Officer Jensen then walked Williams back to the patrol vehicle where he handed him off to Officer Vandermolen.

Officer Jensen then returned to Williams' vehicle and conducted a search, but found no contraband. While searching the vehicle, Officer Jensen noticed the odor of marijuana had grown faint, leading him to suspect that the marijuana was on Williams' person.

While Officer Jensen searched the vehicle, Officer Vandermolen performed what he characterized as a "more thorough" pat down of Williams. This included patting down Williams' legs and upper body and reaching into his pants pockets and the pocket and hood of Williams' hoodie sweatshirt. Officer Vandermolen testified that he did not recall

2

if he noticed any odor of marijuana coming from Williams at the time of this pat down search, although he was admittedly in close contact at the time. He had been advised about the odor by Officer Jensen. Officer Vandermolen discovered no weapons or contraband on Williams but placed him in the back of the patrol vehicle.

Officer Vandermolen then advised Officer Jensen that there was now an odor of marijuana in the patrol car after Williams had been placed inside. This again led the officers to suspect that the odor was coming from Williams' person. Officer Jensen removed Williams from the patrol vehicle and escorted him across the street, behind a building, outside the view of traffic, approximately 50-70 feet from the patrol vehicle. Officer Jensen again searched Williams, this time pulling the waistbands of Williams' sweatpants and his undershorts away from his body. Finding nothing in the waistband area, Officer Jensen made Williams walk a few steps whereupon a small baggie of marijuana fell out of Williams' pant leg. Officer Jensen retrieved the bag of marijuana, arrested Williams, and the officers transported him to the Sedgwick County Jail. On the way to the jail, there was still an odor of marijuana in the patrol vehicle. Officer Jensen advised Williams that taking drugs into a detention facility could result in additional charges. Williams then surrendered another small bag of marijuana.

Williams filed a motion to suppress, arguing that the marijuana found on his person was the result of an illegal search. The State replied that the search was supported by probable cause and exigent circumstances, or, in the alternative, the search was incident to arrest. The district court took the matter under advisement and thereafter denied Williams' motion in an e-mail directing the State to prepare a journal entry consistent with his findings. Apparently no such journal entry was ever prepared or filed, but the e-mail is in the record on appeal and sets forth the judge's findings of probable cause and his conclusion that exigent circumstances existed. The district court's e-mail does not address the State's alternate contention that the search was incident to arrest.

The case then proceeded to a bench trial on stipulated facts consistent with the testimony from the suppression hearing. Williams filed a written explicit reservation of his right to appeal the denial of his motion to suppress. Williams was convicted of possession of marijuana having a prior conviction of possession of marijuana, failure to wear a seat belt, and driving without a license. He was placed on probation from an underlying sentence of 12 months' imprisonment on the possession of marijuana conviction and fined on the traffic-related charges.

Williams timely filed this appeal. We note as a preliminary matter that Williams does not challenge the validity of the initial traffic stop, the search of his vehicle, the first pat down of his person by Officer Jensen, or the first search of his person by Officer Vandermolen. He also does not contest his convictions for failure to wear a seat belt and driving without a license. Because Williams has not raised any of these issues on appeal they are deemed to be waived and/or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). This appeal focuses solely on the validity of the second search of his person conducted by Officer Jensen.

*The District Court Erred by Denying Williams' Motion to Suppress.*

In reviewing a motion to suppress, the appellate court determines if the district court had substantial competent evidence upon which to base its decision, but the ultimate legal conclusion of whether to suppress is reviewed de novo. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016). In so doing, this court does not reweigh evidence or determine credibility of witnesses. 304 Kan. at 274.

The right of the people to be secure in their person against unreasonable searches and seizures is enshrined in the Fourth Amendment to the United States Constitution and in § 15 of the Kansas Constitution Bill of Rights. Evidence obtained by an illegal search

4

or seizure in violation of this right may not be admitted into evidence. *Mapp v. Ohio*, 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

A search or seizure without a warrant is per se unreasonable unless the search can be justified by a recognized exception to the warrant requirement. *State v. Ibarra*, 282 Kan. 530, 536, 147 P.3d 842 (2006). The State argues two of the recognized exceptions are applicable in the instant case—probable cause plus exigent circumstances, or, in the alternative, search incident to a lawful arrest.

*Incident to Lawful Arrest*

The district court did not address the State's contention that the search was incident to a lawful arrest, making no findings of fact nor discussing any conclusions of law regarding this issue. The State did not move for additional finding by the district court. By failing to request any reconsideration of or amendment to the district court's judgment, the State has arguably failed to preserve this issue for appeal.

In any event, the State's circular logic in support of its position is unsupported by any evidence in the record that Williams had been lawfully arrested at any time prior to the discovery of the marijuana during the second search of his person by Officer Jensen.

*Probable Cause*

The focus of the suppression hearing was on Williams' contention that no probable cause or exigent circumstances existed to support the search of his person. He argues that probable cause could not be established solely upon the odor of raw marijuana.

Kansas courts have not adopted a specific "plain smell" exception to the warrant requirement. The Kansas Supreme Court has found probable cause for search of a vehicle

based on the smell of marijuana. *State v. MacDonald*, 253 Kan. 320, 324-25, 856 P.2d 116 (1993). But the search of a vehicle is less intrusive than the search of a person, and no binding Kansas authority has held that the odor of raw marijuana alone is sufficient to support a finding of probable cause for the warrantless search of a person. See *State v. Smith*, No. 103,736, 2012 WL 4563077, at *3 (Kan. App. 2011) (unpublished opinion).

The Kansas courts have found probable cause for a search when the odor of marijuana is present along with other incriminating factors. In *State v. Fewell*, 286 Kan. 370, 383-84, 184 P.3d 903 (2008), the Kansas Supreme Court found probable cause based upon an obvious odor of marijuana, Fewell's denial of the odor of marijuana, and other lies and inconsistent statements. In *State v. Thomas*, 28 Kan. App. 2d 70, 73-74, 12 P.3d 420 (2000), a panel of this court upheld a strip search after Thomas had been arrested for an offense unrelated to possession of marijuana and was being transported to jail. The *Thomas* panel noted that the issue of whether the smell of marijuana alone was sufficient for probable cause had not been decided in Kansas. 28 Kan. App. 2d at 73-74. Rather than decide this issue, the *Thomas* panel upheld the search due to the odor of marijuana *and* the legitimate security interest of keeping contraband out of the jail. 28 Kan. App. 2d at 74.

In *State v. Smith*, an unpublished but persuasive opinion, a panel of this court denied probable cause existed for a search when there was an odor of marijuana coming from a person, the odor of a masking agent was sensed in the person's vehicle, $370 was found on the person, and the person was nervous. 2011 WL 4563077, at *2-5. The masking agent, money, and nervousness were determined to provide little support for a finding of probable cause. 2011 WL 4563077, at *3-4. This left the smell of marijuana as the only factor upon which probable cause could be based. 2011 WL 4563077, at *4. The panel denied probable cause existed, stating: "Unless Kansas adopts a 'plain smell' exception to the warrant requirement, the odor of raw marijuana alone does not amount to probable cause." 2011 WL 4563077, at *4. Kansas caselaw suggests the smell of

marijuana alone is insufficient to find probable cause; however, it is a factor which can lead to a finding of probable cause. 2011 WL 4563077, at *3.

In our instant case, it is argued that the migratory or transitory nature of the odor—following Williams from his vehicle to the police vehicle—constitutes an additional incriminating circumstance in support of a finding of probable cause. However, when compared to the factors considered in *Fewell* and *Smith,* it is questionable whether the mere migration of the odor is sufficient to raise a reasonable suspicion to the level of probable cause. Here, no contraband was found in Williams' car; no contraband was found on Williams' person during the initial frisk; and no contraband was found on Williams' person during the search conducted by Officer Vandermolen, who didn't even recall any odor of marijuana at the time despite the close proximity to Williams during the search. The record discloses no denial by Williams of the odor of marijuana or any other lies or inconsistent statements. See *Fewell,* 286 Kan. at 383-84. Although Officer Jensen testified that Williams appeared to be nervous, there was no suggestion of any masking agent, nor was any large sum of money found on Williams' person. See *Smith*, 2011 WL 4563077, at *3-4.

When the lack of additional factors is considered, the questions remain whether the transient nature of the odor provided sufficient probable cause for the warrantless search of Williams' person, or whether any incipient probable cause was dissipated when the vehicle search, the initial frisk, and the search by Officer Vandermolen failed to disclose any contraband. The circumstances assessed and recited by the district court present a close call on the issue of probable cause.

*Exigent Circumstances*

However, we need not resolve the issue of probable cause since probable cause alone is insufficient to justify a warrantless search—exigent circumstances are required. See *State v. Overman,* 301 Kan. 704, 710-11, 348 P.3d 516 (2015).

The district court, in its e-mail ruling, noted this requirement and recited an accurate definition of "exigent circumstances" as occurring when "an officer reasonably believes there is a threat of imminent loss, destruction, removal or concealment of evidence or contraband." See *Fewell,* 286 Kan. at 384. But from this definition, the district court makes a quantum leap to the conclusion that exigent circumstances existed simply because Williams was carrying marijuana concealed on his person.

First of all, this reasoning puts the cart before the horse. It was certainly not an established fact Williams was concealing marijuana on his person until such evidence was disclosed by the questionable search. Exigent circumstances must have existed prior to the search: the result of an intrusive warrantless search does not justify the search after the fact.

More importantly, the district court offered no factual findings in support of its broad legal conclusion. The record of the suppression hearing is wholly lacking in any testimony or evidence from either of the officers regarding any reasonable belief that there was a real probability, and not a mere possibility, that the evidence would be lost or destroyed. See *State v. Boyd*, 275 Kan. 271, 274, 64 P.3d 419 (2003). To the contrary, the record establishes that Williams was handcuffed and in investigative detention at the time he was searched. He had no option to leave the scene or to proceed to his destination. There is no indication that he had resisted or made any attempt to run. There is simply no suggestion on the record as to why a warrant was not or could not have been requested, or

8

how any delay associated with such a request would have created any real possibility that the evidence would have been lost or destroyed.

Thus, in the absence of clear evidence of exigent circumstances, the warrantless search conducted by Officer Jensen, which ultimately revealed the marijuana, was conducted in violation of the Fourth Amendment and Williams' rights under the Kansas Constitution. The district court erred by failing to suppress such evidence. Since there was no valid reason to have arrested Williams and taken him into custody for transportation to jail, the additional bag of marijuana disclosed during that transportation must also be suppressed as fruit of the poisonous tree. See *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

The judgment of the district court denying Williams' motion to suppress is reversed, the conviction for possession of marijuana is also reversed, and the case is remanded for a new trial.

Reversed and remanded with directions.